**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
|                                                           ) | |
|            Plaintiff-Respondent,           ) | |
|                                                           ) | |
| vs.                                                     ) | Case No. CR-03-112-M |
|                                                           ) | (CIV-06-892-M) |
| DAVID BAO LE,                               ) | |
|                                                           ) | |
|            Defendant-Movant.              ) | |

**<u>ORDER</u>**

Defendant-Movant David Bao Le ("Le"), a federal prisoner, filed both his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a supplement to his § 2255 motion on August 23, 2006. On October 16, 2006, plaintiff-respondent United States of America filed its response, and on October 30, 2006, Le filed his traverse. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

On June 3, 2003, a federal grand jury returned an Indictment in the Western District of Oklahoma naming Le in twenty (20) of thirty-five (35) Counts. Le was charged, *inter alia*, with conspiracy to distribute controlled dangerous substances. On August 19, 2003, a twenty-six (26) Count Superseding Indictment was returned, and Le was named in nine (9) Counts, including conspiracy to possess with intent to distribute, and to distribute in excess of 500,000 tablets of 3,4-methylenedioxymethamphetamine ("MDMA"), and to distribute in excess of 5 kilograms of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On November 12, 2003, trial commenced against Le, and on November 13, 2003, Le executed a Waiver of Jury Trial thereby delaying prosecution for the instant offenses. On February 23, 2004, Le pled guilty to conspiracy to possess and distribute a controlled substance. On August

12, 2004, Le was sentenced to a term of 235 months in prison, and the Court gave two alternative sentences: a 235-month sentence in case the Sentencing Guidelines were found unconstitutional and a 151-month sentence in case just the upward enhancements were found unconstitutional. Le filed a notice of appeal to the United States Court of Appeals for the Tenth Circuit contending that he should receive the 151-month sentence. The Tenth Circuit disagreed with Le and affirmed the Court's 235-month sentence because *United States v. Booker*, 543 U.S. 220 (2005), did not preclude application of upward enhancements. Le now re-asserts the sentencing enhancement issue which was decided on direct appeal.

II.  Discussion

In his § 2255 motion, Le asserts that the PSR recommended a 2 point enhancement for possessing a firearm and 2 additional points for his role in the offense, which improperly raised his total offense level from 34 to 38. Specifically, Le contends that the above-referenced upward enhancement was not proved to a jury beyond a reasonable doubt and, therefore, was improper. For its part, the government asserts that the issue concerning the upward enhancement was previously decided on direct appeal and based on facts to which Le stipulated. In his traverse, Le asserts that his punishment for the instant offense exceeds the maximum punishment allowed by law and was authorized solely on the basis of facts reflected in the jury verdict or admitted by him in violation of his Sixth Amendment rights.

The Tenth Circuit, however, has consistently held that any argument raised and decided on direct appeal, can not be raised in a § 2255 challenge. *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (refusing to consider arguments raised in a § 2255 proceeding that had been previously raised on direct appeal). Furthermore, absent an intervening change in the law of the

circuit, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack. *United States v. Princhard*, 875 F.2d 789, 791 (10th Cir. 1989).

In this case, Le raised a direct appeal premised, in part, upon the application of an upward enhancement to his sentence. The Tenth Circuit made a determination on the merits concerning the upward enhancement to Le's sentence. The Court, therefore, finds that Le asserts issues in his § 2255 challenge which were raised and decided on direct appeal. Furthermore, the Court finds no there was no intervening change in the law. The Court, thus, finds the issues raised in Le's § 2255 motion should not be considered by this Court.

III.   Conclusion

Accordingly, the Court DISMISSES Le's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 22nd day of May, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE